Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| MUNICIPIO DE ISABELA<br><br>Peticionaria<br><br>v.<br><br>SUCESIÓN DE RUFINO HERNÁNDEZ RODRÍGUEZ Y OTROS<br><br>Recurrida | TA2026CE00711 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2025CV01810 (Salón 603 Civil)<br><br>Sobre: Expropiación Forzosa |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2026.

Comparece el Municipio de Isabela vía *certiorari* y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de Aguadilla, emitida el 30 de abril de 2026. En dicho dictamen, se señaló una vista presencial para el 26 de junio de 2026. Por los fundamentos que expondremos, expedimos el auto de *certiorari* y revocamos la *Orden* recurrida.

En síntesis, y en lo pertinente a nuestra determinación, el 3 de octubre de 2025, el Municipio instó una demanda sobre expropiación forzosa contra la Sucesión de Rufino Hernández Rodríguez u otros al amparo de la Ordenanza Núm. 27, Serie 2024-2025.[1] En dicha demanda incluyó una Resolución Administrativa y Orden de Declaración Final

---

[1] La Ordenanza Núm. 27, Serie 2024-2025 fue eventualmente derogada por la Ordenanza Núm. 23, Serie 2025-2026 del 24 de marzo de 2026.

de Estorbo Público, al igual que la tasación y el plano, más varias certificaciones en cuanto al historial de multas y lo encontrado en el Registro de la Propiedad y el Centro de Recaudación de Ingresos Municipales (CRIM).

Emplazadas mediante edicto las partes demandadas entre el 11 de marzo y el 25 de marzo de 2026, ninguna de estas respondió dentro del término dispuesto por ley. En consecuencia, el 28 de abril de 2026 el Municipio solicitó la anotación de rebeldía de estas partes y que se dictara una sentencia según las alegaciones en un término no mayor de cinco (5) días, según requiere el Artículo 4.012A(b) del Código Municipal de Puerto Rico, 21 LPRA sec. 7636a. Atendida esta moción, el Tribunal recurrido señaló una vista presencial para el 26 de junio de 2026. El peticionario solicitó reconsideración y argumentó que el señalamiento de juicio y la omisión de no anotar la rebeldía constituye un acto contrario al Artículo 4.012A, el cual no confiere discreción cuando no media comparecencia. En respuesta, el Tribunal recurrido resolvió sin lugar.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) no anotar la rebeldía a las partes demandadas y/o a las partes con interés, en contravención con los establecido con el Artículo 4.012A(b) del Código Municipal de Puerto Rico; y (2) no dictar sentencia en rebeldía y señalar juicio en su fondo para el 26 de junio de 2026, a pesar de que las partes demandadas y/o partes con interés no contestaron la demanda dentro del término improrrogable de treinta (30) días desde haber sido emplazados por edicto, en contravención con los establecido con el Artículo 4.012A(b) del Código Municipal de Puerto Rico.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V) como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones (4 LPRA. Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

De otra parte, diligenciado un emplazamiento por edicto, si la parte demandada no comparece, no se defiende mediante moción o presenta oportunamente la contestación a la demanda, se le podrá anotar la rebeldía del demandado, siempre y cuando se pruebe mediante una declaración jurada o de otro modo. Regla 45.1 de Procedimiento Civil, *supra*; *Mitsubishi Motors Sales of Caribbean, Inc. v. Lunor, Inc.*, 212 DPR 807 (2023) (citando a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011); *21Alamo v. Supermercado Grande, Inc.*, 158 DPR 93 (2002)). Consecuentemente, la anotación de rebeldía tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas. Regla 45.1 de Procedimiento Civil, *supra*.

Ahora bien, para que un Municipio declare un inmueble como estorbo público, se requerirá primero establecer que (1) el propietario,

poseedor o persona con interés que fue notificado no compareció en forma alguna a oponerse a la identificación de la propiedad como estorbo público; o (2) luego de expedida una orden a tenor con lo dispuesto en el inciso (b) o el inciso (c) del Artículo 4.009 del Código Municipal, dicho propietario, poseedor o persona con interés no cumplió con la misma. Art. 4.010 del Código Municipal, 21 LPRA sec. 7634. De alguno de estos escenarios ocurrir, el Municipio podrá declarar la propiedad como estorbo público y notificará la declaración final al propietario, poseedor o persona con interés a la última dirección conocida que obre en el expediente del caso. Íd. Declarado el estorbo público, el Municipio podrá expropiar el inmueble por motivo de utilidad pública, vivienda asequible o conforme a las disposiciones del procedimiento sumario. Íd.

Esto es porque el Estado tiene un poder inherente para adquirir bienes privados mediante el procedimiento de expropiación forzosa. *Adm. de Terrenos v. Ponce Bayland Enterprices, Inc*., 207 DPR 586 (2021); *Mun. de Guaynabo v. Adquisición*, 180 DPR 206 (2010). De ir por la vía sumaria, el Municipio deberá cumplir con los requisitos de la Regla 58 de Procedimiento Civil, *supra*. Art. 4.012A del Código Municipal, 21 LPRA sec. 7636a. Es decir, el Municipio deberá de presentar una demanda ante el Tribunal de Primera Instancia e incluir (1) una certificación expedida por el Registro de la Propiedad dentro de los seis (6) meses anteriores a la presentación de la demanda, del inmueble estar inscrito; (2) una consulta de ubicación; (3) un plano de mensura; (4) un informe de valoración; y (5) el llamado *Exhibit* A, en el cual se identificarán concreta e individualmente los bienes inmuebles objeto de expropiación. Regla 58 de Procedimiento Civil, *supra*. Una

vez emplazados los demandados, tendrán un término improrrogable de veinte (20) días si fueron notificados personalmente o treinta (30) días si fueron emplazados por edicto, para contestar la demanda y establecer sus defensas. Art. 4.012A del Código Municipal, *supra*. De los demandados no contestar en el término señalado, el Tribunal de Primera Instancia le anotará la rebeldía y dictará sentencia en un término no mayor de cinco (5) días. Íd.

En el presente caso, el Tribunal de Primera Instancia erró al señalar una vista presencial para el 26 de junio de 2026. Del expediente se desprende que las partes demandadas nunca comparecieron al litigio, por lo cual, al amparo del Artículo 4.012A del Código Municipal, *supra*, el Tribunal recurrido tuvo que haber anotado la rebeldía de dichas partes y emitida una sentencia dentro de los siguientes cinco (5) días. Por tanto, la celebración de una vista presencial de juicio dentro de un proceso de expropiación forzosa sumaria conflige con nuestros estatutos y, por tanto, el Tribunal recurrido deberá evaluar la evidencia ya presentada por la parte peticionaria y resolver sumariamente.

Por los fundamentos expuestos, expedimos el auto de *certiorari* y revocamos la *Orden* recurrida, a fin de devolver el caso al Tribunal de Primera Instancia para que actúe según intimado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones